UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
APR 1 9 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Carlton Blount, )
)
Petitioner, )
)
v. ) Civil Action No. 11 0743
)
Eric C. Wilson, )
)
Respondent. )

## MEMORANDUM OPINION

This action, brought *pro se*, is before the Court on the petitioner's application for a writ of *habeas corpus*, accompanied by an application to proceed *in forma pauperis*. The Court will grant the application to proceed *in forma pauperis* and will dismiss the case for lack of jurisdiction.

The petitioner is a prisoner at the United States Penitentiary in Pine Knot, Kentucky, serving an aggregate sentence of 20 years to life imposed by the Superior Court of the District of Columbia on June 29, 2001, following his convictions for several offenses. Petition for Writ of Habeas Corpus ("Pet.") at 2. The petitioner claims that he was denied the effective assistance of counsel on appeal to the District of Columbia Court of Appeals and that an "intervening change in law makes [him] actually innocent[.]" *Id*. at 5.

It is established that challenges to a Superior Court judgment of conviction must be pursued in that court under D.C. Code § 23-110, *see Blair-Bey v. Quick*, 151 F.3d 1036, 1042-43 (D.C. Cir. 1998); *Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997), and that absent a showing of an inadequate or ineffective local remedy, "a District of Columbia prisoner has no recourse to a federal judicial forum," *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir.), *cert.*

*denied*, 479 U.S. 993 (1986) (internal footnote omitted). Under District of Columbia law,

> [an] application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears . . . that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g). The petitioner unsuccessfully sought relief under § 23-110, Pet. at 3, on "each ground . . . raised" here except as to his claim for "ineffective of appellant [sic] counsel due to the fact the 23-110 does not give jurisdiction to the [S]uperior Court to entertain such motion." Pet. at 6.

The petitioner's lack of success in the District of Columbia courts does not render his local remedy inadequate or ineffective. *See Garris v. Lindsay*, 794 F.2d at 727; *Charles v. Chandler*, 180 F.3d 753, 756-58 (6th Cir. 1999) (citing cases). Furthermore, this Court provides no forum for the claim of ineffective assistance of appellate counsel because the petitioner has neither stated nor shown that he moved in the District of Columbia Court of Appeals to recall the mandate and his request was denied. *See Williams v. Martinez*, 586 F.3d 995, 999 (D.C. Cir. 2009) (concluding that this Court would have jurisdiction over a "federal habeas petition asserting ineffective assistance of appellate counsel after [the petitioner has] moved to recall the mandate in the D.C. Court of Appeals[.]"); *Johnson v. Sullivan*, ___ F. Supp. 2d ___, ___, 2010 WL 4340856, at *10, n.5 (D.D.C. Oct. 29, 2010) ("Insofar as the plaintiff alleges ineffective assistance of appellate counsel with respect to Sullivan's representation on direct appeal, this claim . . . fails because his remedy would have been through a motion in the District of Columbia Court of Appeals to recall the mandate.") (citations omitted); *Johnson v. Stansberry*, 2010 WL 358521, at *2 (D.D.C., Jan. 29, 2010) ("If Johnson did not move to recall the mandate, he has not

2

exhausted his local remedies and therefore no writ of habeas corpus may be granted.") (citing 28 U.S.C. § 2254(b)(1)(A). Lacking authority to entertain the petition, the Court will dismiss this case.[1]

/s/ Reggie B. Walton
United States District Judge

Date: April 14, 2011

---

[1] A separate Order of accompanies this Memorandum Opinion.